# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Adversary Proceeding |
| DEBRA D. GADSON | ) | |
| (Chapter 13 Case Number <u>10-42420</u>) | ) | Number <u>13-4063</u> |
| | ) | |
| *Debtor* | ) | |
| | ) | |
| | ) | **FILED** |
| DEBRA D. GADSON | ) | Lucinda B. Rauback, Clerk |
| | ) | United States Bankruptcy Court |
| *Plaintiff* | ) | Savannah, Georgia |
| | ) | By lbarnard at 2:47 pm, Oct 29, 2013 |
| v. | ) | |
| | ) | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION | ) | |
| | ) | |
| *Defendant* | ) | |

### OPINION AND ORDER ON MOTION FOR PRELIMINARY INJUNCTION AND RESTRAINING ORDER

Debra D. Gadson ("Debtor") filed her Chapter 13 case on November 10, 2010, and converted the case to Chapter 7 on September 30, 2013. Dckt. No. 1[1]; *see* Dckt. No. 88. Debtor initiated this adversary proceeding by filing a Motion for Preliminary Injunction and Restraining Order ("Motion") on October 1, 2013. A.P. Dckt. No. 1. Debtor sought to enjoin the foreclosure sale of her residence which was ultimately conducted by

---

[1] For this Order, citations to the main bankruptcy case [10-42420] will appear as "Dckt. No. ___"; citations to Plaintiff's Adversary Proceeding [13-4063] will appear as "A.P. Dckt. No. ___".

℀AO 72A
(Rev. 8/82)

Federal National Mortgage Association ("Fannie Mae") on October 1, 2013. *Id.* The Court granted a preliminary injunction prohibiting Fannie Mae from filing a foreclosure deed of record in the Superior Court of Chatham County until further order of the Court. A.P. Dckt. No. 4.

### FINDINGS OF FACT

On March 28, 2007, a promissory note in the principal amount of $102,000.00 was executed by Debtor and American Mortgage Network, Inc.("American"). Dckt. No. 65. On that same day, Debtor executed a security deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for American and American's successors and assigns, with respect to real property located at 150 South Robinhood Drive, Savannah, Georgia, to secure the promissory note. *Id.* Fannie Mae is the current holder of the note secured by the security deed. *See* Claim No. 18.

On November 10, 2010, Debtor filed a Chapter 13 petition and thereafter, fell into default on the promissory note. Dckt. No. 74. On February 27, 2013, the Court entered the Order Lifting Stay After Default (the "Order") to allow Fannie Mae to initiate foreclosure proceedings against the Property pursuant to applicable state law. Dckt. No. 82. The foreclosure sale commenced on the afternoon of October 1, 2013, and the Property sold at auction to Fannie Mae at approximately 1:18 p.m. A.P. Dckt. No. 9.

Debtor filed Adversary Proceeding Case No. 13-04063 that same day

seeking to enjoin Fannie Mae from proceeding with the foreclosure sale. A.P. Dckt. No. 1. Debtor contended in her Motion that she had a pending home loan modification which, when approved, would allow her to bring her mortgage up to date. *Id.*

## CONCLUSIONS OF LAW

"Federal law determines whether an interest in property is property of the bankruptcy estate. The nature and existence of the interest is determined by state law." Chase Home Finance LLC v. Geiger (In re Geiger), 340 B.R. 422, 423 (Bankr. M.D. Ga. 2006)(*citing* Witko v. Menotte (In re Witko), 374 F.3d 1040, 1043 (11th Cir. 2004)). The Eleventh Circuit held in Commercial Federal Mortgage Corp. v. Smith (In re Smith), 85 F.3d 1555, 1557-58 (11th Cir. 1996), that a debtor's right of redemption is property of the bankruptcy estate. Therefore, the issue in this case is determining the point in the foreclosure process at which Debtor's equity of redemption expires under Georgia law.

Debtor submits that her equitable right of redemption did not terminate at the foreclosure sale under Federal Deposit Ins. Corp. v. Dye, 642 F.2d 837 (5th Cir. Unit B Apr. 1981). In Dye, the former Fifth Circuit formulated an objective standard where the bidder and creditor are the same entity to determine when a foreclosure sale has been "consummated," thereby precluding the creditor from suing on the note. *Id.* at 843. The court found that only a contract to buy and sell existed until a deed was delivered and consideration passed. *Id.*

The weakness in Debtor's argument is that this Court along with other Bankruptcy Courts in Georgia have already addressed the Dye holding in the context of a debtor's right of redemption. Specifically, the Fifth Circuit did not address the point at which a debtor's right of redemption is extinguished under state law. Sanders v. Amsouth Mortgage Co. (In re Sanders), 108 B.R. 847, 849 n. 3 (Bankr. S.D. Ga. 1989)(Davis, J.); Grissom v. C & S National Bank (In re Grissom), 1989 WL 1113450, at *3 n. 1 (Bankr. S.D. Ga. Dec. 20, 1989)(Dalis, J.); Lincoln Fin. Corp. v. Gray (In re Gray), 37 B.R. 532, 536 (Bankr. N.D. Ga. 1984); Williams v. Suntrust Bank (In re Williams), 393 B.R. 813, 818-19 (Bankr. M.D. Ga. 2008).

"The Bankruptcy Courts for the Northern District of Georgia and the Southern District of Georgia have held that a debtor's equity of redemption terminates upon sale to the highest bidder on the date the foreclosure is held even though the foreclosure deed is not recorded . . . ." Williams, 393 B.R. at 820 (citations omitted). These holdings find strong support in Georgia case law. The Georgia Supreme Court held in Carrington v. Citizens Bank of Waynesboro, 85 S.E. 1027, 1028 (Ga. 1915) that:

> A sale under power in a security deed divests the title of the grantor, and he has no legal right several days thereafter, on tender of the amount of the debt secured by the deed to the grantee; who is purchaser at the sale, to demand a conveyance of the land or a cancellation of the security deed.
>
> Where a sale of land is made under a power contained in a security deed . . . the grantor cannot defeat

> the purchaser's right to have the sale fully consummated, by tender of the amount of his indebtedness to the grantee before the actual execution of the deed pursuant to the terms of the sale.

Moreover, the Georgia Court of Appeal held in <u>McKinney v. South Boston Savings Bank</u>, 274 S.E.2d 34, 36 (Ga. Ct. App. 1980) that: "Appellant [grantor of deed to secure debt] became tenant at sufferance of appellee [grantee of deed to secure debt and high bidder at foreclosure sale] by the terms of the security deed and *operation of law* when the appellee bid in the property at the foreclosure sale." (Emphasis added.)

Here, the security deed executed by Debtor in favor of the lender granted MERS and its successors and assigns with power of sale. Dckt. No. 65. Seterus, Inc. ("Seterus"), as loan servicer for Fannie Mae (the current holder of the note secured by the deed), contends that it conducted the foreclosure sale in accordance with the Order entered by this Court on February 27, 2013, and the statutory requirements of Georgia law. A.P. Dckt. No. 9. This has not been disputed by Debtor. The high bid from the creditor bidder of $107,195.51 was accepted at approximately 1:18 p.m. on October 1, 2013. *Id.* Debtor's Motion was not heard until approximately 3:45 p.m. on October 1, 2013. A.P. Dckt. 3. Therefore, Debtor's right of redemption under state law expired some two and a half hours before the hearing, leaving Debtor with no interest in the Property at that hearing. Accordingly, the Property was not property of the estate at the time Debtor's Motion came on for hearing, and therefore, Debtor had no right under state law to cure the default.

Debtor next contends that although the automatic stay had been lifted in her Chapter 13 proceeding, the conversion to a Chapter 7 proceeding prohibited foreclosure until after the Chapter 7 Trustee abandoned the Property. This argument directly contradicts the holding of the Eleventh Circuit in British Aviation Ins. Co. v. Menut (In re State Airlines), 873 F.2d 264 (11th Cir. 1989). In that case the court held that conversion from Chapter 11 to Chapter 7 did not reimpose the automatic stay which had previously been lifted. *Id.* at 269. "We conclude that section 362 means what it says. The filing of a petition operates as an automatic stay. A conversion order is not the filing of a petition. A conversion order does not trigger section 362." *Id.*

Here, Debtor has provided no reason why a conversion from a Chapter 13 proceeding to a Chapter 7 proceeding should lead to a different result. Therefore, I find that the conversion of Debtor's case from Chapter 13 to Chapter 7 on September 30, 2013, did not reimpose the automatic stay that was lifted by Order of this Court on February 27, 2013.

There is, however, a broader issue with Debtor's Motion and the relief she seeks. Even if this Court could and were to grant Debtor's Motion, all she would hold is a right of redemption.

> The person whose land has been sold at foreclosure sale and now holds a right of redemption is, for all practical purposes, in the same debt situation as an ordinary

>  mortgagor in default; both are faced with the same ultimate prospect, either of paying a certain sum of money, or of being completely divested of their land.

Wright v. Union Central Life Ins. Co., 304 U.S. 502, 514-15 (1938). In Debtor's emergency Motion filed on the day of the foreclosure sale, she contended that a pending home loan modification would allow her to bring her mortgage up to date. A.P. Dckt. No. 1. Subsequent evidence submitted by Seterus indicates that Debtor's request for a loan modification was denied on September 4, 2013. A.P. Dckt. No. 11. A letter dated September 4, 2013, notifying Debtor of the denial was also filed with the Court. *Id.* Clearly Debtor has no ability to redeem the Property by paying the debt in full, nor does Debtor's Memorandum of Law in Support of Debtor's Motion for Preliminary Injunction and Restraining Order mention any alternate plan for bringing the mortgage current if the Court were to grant her Motion.

Even assuming Debtor's right of redemption had not terminated upon tender of the high bid, it is clear to me that granting Debtor's Motion would only delay the inevitable. Therefore, I find no reason for further delaying Fannie Mae from filing the foreclosure deed of record with the Chatham County Superior Court.

### ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, it is the ORDER of this Court that Debtor's Motion for Preliminary Injunction and Restraining Order regarding the October 1, 2013 foreclosure sale of the Property by Fannie Mae is denied.

Fannie Mae may proceed with filing the foreclosure deed with the Chatham County Superior Court.

/s/ Lamar W. Davis, Jr.
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 28th day of October, 2013.